I concur with the decision of the majority to remand this matter back to the trial court for an evidentiary hearing but disagree as to the scope of that evidentiary hearing. I would find that only two of the six modifications made by the trial court judge from the in-court settlement of the parties to the final divorce decree require an evidentiary hearing. The first modification that requires an evidentiary is the modification of the in-court settlement in regard to the termination conditions for the $1,800.00 per month in spousal support. The in-court settlement provided that the spousal support terminates upon the death or remarriage of the appellee. The decree filed with the court on August 6, 1998, does not specify that the spousal support shall terminate upon the death or remarriage of the appellee. The absence of the conditions for termination could have substantial financial consequences to the parties, both in terms of tax consequences and in terms of the appellant potentially being required to continue paying spousal support into appellee's estate. The second modification of the in-court settlement made in the decree of August 6, 1998, that requires an evidentiary hearing, or at least an independent review by the trial court judge, is the division of personal property. The August 6, 1998, decree grants an extensive list of personal property to the appellee. The August 6, 1998, decree was prepared by counsel for the appellee and the adoption of this list by the trial court leads me to conclude that the trial court did not make an independent review of the personal property issue. The in-court settlement delegated the decision of how to divide the personal property to the judge but the granting of an extensive list to the appellee by the judge under the EDWARDS, J. CONCURRING circumstances sub judice cause one to conclude that the trial court judge may have accepted the proposal of the appellee without independent review. I find that the other four areas modified by the trial court judge from the in-court settlement to the August 6, 1998, divorce decree do not require an evidentiary before modification. Those modifications either served to clarify the in-court settlement or were minor enough in nature that no evidence was required.